IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY THOMPSON, | No. C-07-06370 (EDL) |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| MOTEL 6, | |
| Defendant. | |

Before the Court is Plaintiff's complaint and application to proceed in forma pauperis. In his complaint, Plaintiff alleges that Defendant is a "Texas corporation doing business in Nevada, located at 1901 South Virginia Street, Reno, Nevada." Complaint ¶ 1. Plaintiff alleges that he uses a wheelchair, and that he was told that the wheelchair-accessible rooms at Defendant's hotel only have one bed when he tried to reserve a room at the Reno location. Id. ¶¶ 4-5.

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Plaintiff's complaint includes a claim under the Americans with Disabilities Act; jurisdiction thus is not founded solely on diversity of citizenship. Plaintiff does not allege that Defendant resides in or may be found in the Northern District of California. Nor does he allege that any of the events giving rise to his claim occurred therein; indeed, based on the information in the complaint, the events giving rise to Plaintiff's claim occurred in Nevada. Consequently, it would appear that venue

is not proper in this district.  <u>See</u> 28 U.S.C. § 1391(b).

     Regarding Plaintiff's application to proceed in forma pauperis ("IFP"), on January 29, 2008, the Court issued an order deferring ruling on Plaintiff's IFP application.  Because Plaintiff omitted certain information from that application (the present balance in his bank account and present cash assets), the Court ordered Plaintiff to provide the Court with that information no later than February 18, 2008, so that the Court could rule on his application.  This order was electronically served and faxed to Plaintiff's counsel.  The Court made multiple unsuccessful attempts to contact counsel via telephone regarding the status of this requested information.  In addition, Plaintiff's counsel has not responded to the two clerk's notices regarding consent to proceed before a United States Magistrate Judge that were electronically served upon counsel.

     Accordingly, because venue appears to be improper in this district, and because Plaintiff has not provided supplemental information in support of his IFP application as previously ordered by the Court, Plaintiff is hereby ordered to show cause why his case should not be dismissed both for improper venue and for failure to prosecute.  <u>See Costlaw v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986) (holding district court has authority to raise issue of defective venue).  A show cause hearing is scheduled for April 22, 2008 at 9:00 a. m. in Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA.

**IT IS SO ORDERED.**

Dated: April 3, 2008

*Elizabeth D. Laporte*
_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

2